IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDA WALLACE, on behalf of herself and all other employees similarly situated,** ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action Number **2:08-cv-01572-UWC** |
| vs. ) ) | |
| **SITEL OPERATING CORPORATION,** ) ) ) | |
| Defendant. | |

**MEMORANDUM OPINION ON MOTION FOR
CONDITIONAL CLASS CERTIFICATION**

The present action was initiated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, et seq., by current and former call center employees of Sitel Operating Corporation ("Sitel"). Plaintiffs allege that Sitel violated FLSA by failing to fully compensate them for hours worked in excess of forty hours in a given work week. Presently before the Court is Plaintiffs' Motion for Conditional Class Certification and for Judicial Notice, (Doc. 15).

For the reasons set forth below, the Court finds that case should be certified as a collective action.

I.

1

Sitel operates call centers in the United States. Plaintiff Freda Wallace was employed with Sitel as a Call Center Customer Service Representative from 2002 until April 2007 at Sitel's Winfield, Alabama location.

Wallace filed her complaint on August 29, 2008. On November 20, 2008, thirteen other former and current Sitel employees from Sitel's Birmingham, Alabama location filed consents to sue with the Court ("Opt-In Plaintiffs").[1] On the next day, Wallace filed the instant motion for certification of a conditional class along with declarations from Wallace and three of the Opt-in Plaintiffs[2].

## II.

Sitel is the result of ClientLogic Operating Corporation's acquisition of Sitel Corporation. The acquisition became effective on January 31, 2007. On February 1, 2007, ClientLogic changed its name to Sitel Operating Corporation. Prior to the acquisition, ClientLogic operated the Winfield location and Sitel operated the Birmingham location.

## III

Plaintiffs all allege that they were required to perform tasks before they were

---

[1] These thirteen former and current Sitel employees are: Rebecca Avery; Ursula Avery; Sylvester Echols; Valerie Brown; John Burroughs; Shedrica Ezell; Johanna Fleming; Malani Gaines; Anthony Gatson; LaPierre Harris; JaMichael Nelson; Angel Rivers; and, Christy Ribers.

[2] Rebecca Avery, Ursula Avery, and Sylvester Echols.

logged into the timekeeping system every morning and that they received no compensation for this time. These tasks included reading reports and memorandum from Sitel's clients, logging on to several computer programs, booting up a computer, retrieving earphones, and finding a place to sit.

In order to accomplish these tasks, all the employees arrived fifteen to thirty minutes before their scheduled shift each day.

Plaintiffs allege that the managers and supervisors saw the employees arrive to work early and perform tasks off the clock. The employees were instructed not to sign on to the timekeeping system until the start of their shift, and no supervisor told the employees to stop working when they were off the timekeeping system.

Plaintiffs also allege that they had to perform duties after logging off the timekeeping system. These duties included organizing and cleaning their work area. The Plaintiffs were not compensated for this time.

Plaintiffs personally observed other Sitel employees do the same tasks before and after their scheduled shifts.

IV

Plaintiffs seek to certify an opt-in class defined as follows:[3]

---

[3] "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to *opt in* to the action. 29

> All persons employed in the Defendant's Birmingham and Winfield, Alabama call center locations [three years from the date of the class certification order] to the present.

(Doc. 16, Pls.' Br. 15.)

## V. The Applicable Law

Section 16(b) of the FLSA authorizes actions for unpaid overtime compensation against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are "similarly situated." *Morgan, et al., v. Family Dollar,* 2008 WL 5220263, at *16 (11th Cir. Dec. 16, 2008).

The requirements of "similarly situated" can not be reduced to a short statement. *Morgan,* 2008 WL 5220263; *See also Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1278 (M.D. Ala. 2004). However, it is clear that to maintain an FLSA collective action, the named plaintiffs "need only show that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K-Mart,* 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs must demonstrate a reasonable basis for their claim of classwide discrimination. *Hipp v.*

---

U.S.C. § 216(b) (2000)." *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 950 n.3 (11th Cir. 2007) (emphasis added).

*Liberty Nat'l*, 252 F.3d 1208, 1219 (11th Cir. 2001). This burden, "which is not heavy, [is met] by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.*

In a collective action under the FLSA, the court utilizes a two-tier process. At the first stage, called "conditional certification,"[4] the court makes a determination, based on the pleadings and affidavits on file, of whether notice of the action should be given to potential class members. The standard is lenient[5]: the court must be satisfied that there are other employees who wish to opt-in, and that their positions are similarly situated to that of the original plaintiffs. *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 952-53 (11th Cir. 2007) (citations omitted). If these two requirements are satisfied, the court <u>conditionally</u> certifies a class. Court-supervised notice of the pendency of the action is then given to the potential class members, and they are afforded an opportunity to opt-in to the action.

---

[4]The first stage is called "conditional certification" because the decision may be reexamined once the case is ready for trial. *Morgan,* 2008 WL 5220263, at *18.

[5]The Eleventh Circuit has "described the standard for determining similarity, at [the] initial stage, as 'not particularly stringent,' . . . 'fairly lenient,' . . . 'flexible,' . . . 'not heavy,' . . . and 'less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).'" *Morgan,* 2008 WL 5220263, at *18; *Hipp*, 252 F.3d at 1218 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.")

The second stage of the process is activated by the Defendant's filing of a class decertification motion following the completion of discovery. *Morgan,* 2008 WL 5220263, at *18. At this stage, based on a fully developed record, the court makes a determination of whether the named plaintiffs and the opt-ins are similarly situated. *Id.* The plaintiff has a heavier burden at the second stage than at the first stage. *Id.* If they are not found to be similarly situated, the action is decertified, the opt-in plaintiffs are dismissed without prejudice, and the named plaintiffs proceed to trial on their individual overtime claims. *Hipp*, 252 F.3d at 1218.

## VI. Analysis.

The evidence established that the named Plaintiff and the opt-in Plaintiffs are/were all telephone-dedicated workers who took customer service calls, and they all are not paid for time that they are not logged in; or for time that exceeds their scheduled shifts. (Doc. 16, Pls. Br. 11). This practice or policy exists at both the Birmingham and the Winfield facilities, regardless of which timekeeping system is used..

At this conditional certification stage, Plaintiff's have carried their light burden of establishing that they are similarly situated. *See Hipp*, 252 F.3d at 1219; *Clarke, et al., v. Convergys Customer Management Group, Inc.,* 370 F. Supp. 2d 601, 606 (S.D. Tex. 2005).

Other courts have conditionally certified collective actions in the context of call centers. *See e.g., Russell,* 575 F. Supp. 2d 930; *Burch, et al., v. Qwest Communications International, Inc., et al.,* 500 F. Supp. 2d 1181 (D. Minn. 2007); *Hens, et al., v. Clientlogic Operating Corp.,* 2006 WL 2795620, at *6 (W.D.N.Y. Sept. 26, 2006).

That the named Plaintiff has shown that similarly situated employees wish to join the litigation by the fact that thirteen such employeesl have already opted-in, even though notice has not been approved by the Court and provided to the members of th putative collective action. *See e.g., Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 WL 2290512, at *4 (S.D. Fla. 2006) (an affidavit from one other co-worker demonstrated the existence of desire to opt-in and the more affidavits there are the more indicative the evidence is); *Pendlebury v. Starbucks Coffee Co.,* 2005 WL 84500, at *3 (S.D. Fla. 2005) (conditionally certified nation-wide class on the basis of two plaintiffs and declarations from four employees); *White v. Osmose, Inc.,* 204 F. Supp. 2d 1309, 1316 (M.D. Ala. 2002) (three employees sufficient for state-wide certification).[6]

---

[6]Furthermore, this is unlike *Mooney v. Advanced Disposal Services*, 2008 WL 3843550, at *2 (M.D. Ala. Aug. 14, 2008), which had only four identified plaintiffs, or *Wombles v. Title Max of Ala., Inc.*, 2005 WL 3312670 (M.D. Ala. Dec. 7, 2005), which had only five identified plaintiffs.

VII. Notice

District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b). *Hoffmann-La Roche Inc., v. Sperling,* 493 U.S. 165, 169 (1989).[7]

Plaintiffs have proposed a notice form, but Sitel has not weighed in on this form. Plaintiffs' counsel shall confer with defense counsel regarding the form of the notice, including the time parameters contained therein in an attempt to reach an agreement. After consulting with defense counsel, Plaintiff's counsel shall file a motion for approval of the revised proposed notice within forty-five (45) days of this Order, noting any objections to the proposed notice which have not been resolved by the parties.

In order to facilitate notice, within ninety (90) days from the date of this Order, Defendant shall provide Plaintiff's counsel with the names and last known addresses of all employees who fall within the conditional class definition. Plaintiff's counsel shall be responsible for sending the notice to all potential class members by first class mail within thirty (30) days of receipt of the information from Defendant. All opt-in class members must return the consent form to Plaintiff's counsel with a postmark

---

[7]*Hoffmann-La Roche* involved an ADEA collective action, which is brought as a § 216(b) action pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

date not later than one hundred fifty (150) days after notice is provided. Plaintiff's counsel shall furnish copies of all consents received to defense counsel and maintain the originals. Plaintiffs' counsel shall file one pleading identifying each opt-in class member and their address within fifteen (15) days of the expiration of the 120 day opt-in deadline.

## Conclusion

Plaintiffs' motion for certification of a collective action will be granted by separate order.

_____
U.W. Clemon
United States District Judge